ADMINISTRACIÓN JUDICIAL DE LOS BIENES DE WENCESLAO BORDA, EX PARTE. BANKERS TRUST CO., LEOPOLDO BORDA, Albaceas y fideicomisarios testamentarios, y EMILY VDA. DE BORDA en representación de sus hijos menores WENCESLAO, JOSEPH W. y EMILY BORDA, opositores, apelantes y apelados, *v.* ROSA MORALES y CARMEN PALÉS VDA. DE MENDÍA, como herederas de MANUEL MENDÍA MORALES, ex-administrador judicial, apeladas y apelantes.

No. 5995,—*Sometido:* Enero 10, 1934. *Resuelto:* Julio 24, 1935.

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados de los opositores apelantes; *R. Cintrón Lastra* y *R. Castro Fernández,* abogados de la Sucesión Mendía.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 25 de enero de 1925 y a petición del Fiscal de Distrito, Manuel Mendía Morales fué designado administrador judicial de los bienes de Wenceslao Borda, y el 20 de mayo del mismo

año se le nombró administrador permanentemente. Al aceptar el cargo prestó fianza por la suma de $25,000. Continuó en el desempeño de sus deberes hasta el 27 de enero de 1930, en que se le suspendió por orden de la corte. En el ínterin había rendido cuentas para los años 1925, 1926, 1927 y 1928. Se alegó que las cuentas carecían de detalles, pero no se practicó investigación de las mismas hasta el 1930 y ello a instancias de los albaceas de los bienes de Borda y de su abogado. Fué después de varios pasos preliminares que se suspendió a Mendía, y la corte le ordenó que entregara al American Colonial Trust Co., como administrador judicial, todos los libros, comprobantes, documentos o papeles pertenecientes o relacionados con la sucesión. A Mendía también se le ordenó que mostrara causa por la cual no debía removérsele permanentemente. Demorando, y luego de expedirse una orden para mostrar causa por la cual no debía castigársele por desacato, el 14 de febrero de 1930 informó a la corte que había entregado al American Colonial Trust Co. cuanto se le había ordenado, presentó su renuncia como administrador y solicitó un término para rendir sus cuentas finales. La corte accedió y el 14 de mayo las cuentas fueron presentadas.

Mendía reclamaba comisión no sólo por cada partida efectivamente recibida sino también, según los peticionarios, por cantidades futuras, y una compensación especial por trabajo extra y de índole extraordinaria. La cuenta fué impugnada por varios motivos. Manuel Mendía falleció antes de que se viera la oposición a sus cuentas y la corte notificó a sus herederos y fiadores de la supuesta vista sobre la impugnación. La corte dictó su orden o decreto final el 29 de enero de 1932 y ordenó la devolución de $20,081.11, en dos partidas, $14,419.21 y $5,661.90, y aprobó la cuenta. Ambas partes apelaron.

La oposición alegó, primero, que la corte cometió error al resolver que los $1,566.98 recibidos de la Guardian Assurance Co. fueron invertidos en reparar bienes perte-

necientes a la sucesión de Borda. Se admitió prueba oral para demostrar este hecho y la corte la creyó. Estamos bastante contestes con la parte apelante en que pagos de esa naturaleza deben ser probados a satisfacción del jurado, 24 C. J. 1020, o en este caso del juez sentenciador. Estamos convencidos de que puede ofrecerse prueba oral, especialmente en ausencia de prueba documental. La vista reveló que Mendía fué negligente o aun arbitrario en la administración de los bienes, y tendremos ocasión de referirnos a esto más tarde. Conforme observa la parte apelada el pago efectuado por la Guardian Assurance Co. fué por concepto de daños y perjuicios ocasionados por un ciclón y la corte tenía derecho a inferir que dicha suma se utilizó en reparaciones, tal cual se había alegado.

Mendía era un hombre de múltiples ocupaciones. Empleó en este caso a su hermano Francisco Mendía como contador y tenedor de libros de la administración. Los opositores impugnan las sumas de bulto concedidas al referido tenedor de libros. Detallan varias partidas que Francisco Mendía dejó de entrar en los libros. En la silla testifical éste admitió que tenía conocimiento de las distintas partidas y sin embargo dejó de efectuar los asientos correspondientes, tanto en los libros como en las cuentas del administrador. Esta demostración por parte de los opositores no nos convence de que la corte, que oyó toda la prueba, no estuvo justificada en dictar su fallo en la forma en que lo hizo. Los apelados para estos fines, sostienen que el volumen de los bienes de la sucesión ascendía a unos $3,000,000, y que fueron administrados por varios años teniendo a Francisco Mendía como contador, tanto antes como después de haberse retirado Manuel Mendía, y ésto no parece suficientemente incierto para exigir una investigación más minuciosa. Además, no es Francisco Mendía a quien se investiga directamente, y no hay prueba de que Manuel Mendía no efectuara los pagos de buena fe o de que fueran recibidos en tal forma que

exigieran ser observados por un principal de ordinaria prudencia.

█ El tercer señalamiento lee como sigue:

"La corte erró al conceder remuneración al Administrador Judicial."

Ahora bien, la teoría de este señalamiento es que como Manuel Mendía se anticipó a sí mismo dineros en concepto de comisión de los bienes ascendentes a $17,688.50, cuando según la corte tan sólo tenía derecho a $3,269.29, que le hizo préstamos a una de las firmas en que estaba interesado, sin el consentimiento de la corte, por la suma de $5,661.90; y que otras cantidades recibidas por él no fueron debidamente entradas en los libros, son éstas razones por las cuales no debía concederse compensación al administrador.

Conforme hemos dicho, Mendía era un hombre de intereses por demás variados, tremendamente ocupado y no llevaba cuentas estrictas. El perito empleado por los opositores dijo que no se trataba de un caso de fraude o de malversación de fondos sino de meras irregularidades, y la corte así concluyó.

Se desprendería en algunos casos que aun cuando se demuestre fraude, al administrador no se le niega compensación, pero suponiendo que prevaleciera la regla contraria, no nos sentiríamos impelidos a revocar el fallo de la corte inferior, al efecto de que lo que él cometió fueron irregularidades más bien que fraudes.

█ La duda principal que el suscribiente ha tenido en el caso es si las comisiones no deben ser aumentadas. La corte revisó las autoridades y se sintió obligada a seguir el arancel fijado en el estatuto. El juez en su opinión expresó ciertas simpatías en favor de la reclamación pero se sintió obligado a no conceder los $14,000.

La ley a este respecto (Artículo 53 de la Ley de Procedi-

mientos Legales Especiales, sección 1592, pág. 331, Estatutos Revisados de 1911), lee:

"Todo administrador o albacea, a no disponer otra cosa el testamento bajo el cual se le nombra, tendrá derecho a percibir del caudal, en remuneración de sus servicios, el cinco por ciento de los ingresos que ocurran durante la administración, montantes a la cantidad máxima de mil (1,000) dollars; 2½ por ciento cuando éstos asciendan hasta diez mil (10,000) dollars; y el 1 por ciento sobre las cantidades que excedan de diez mil (10,000) dollars. También dispondrá el juez que se abonen al administrador o albacea los gastos indispensables que ocasione la administración, incluso el costo de los anuncios, publicaciones que la ley prescriba, la conservación y guarda de los bienes, consulta de abogado y gastos de viaje."

El juez que suscribe se inclina al criterio de que quizá podría concederse mayor compensación en este caso, tanto por la naturaleza extraordinaria como por lo inusitado del trabajo realizado por Mendía, así como también que la ley de procedimientos legales especiales, supra, no es un caso de *expressio unius est exclusio alterius*.

Sin embargo, la mayoría del tribunal, sin resolver necesariamente que no se puede conceder en Puerto Rico compensación adicional, es de todos modos de opinión que no se debe conceder remuneración adicional en el presente caso. La forma descuidada en que Mendía administró los asuntos de la sucesión, su disposición arbitraria de los fondos de la misma tanto en su beneficio como a favor de una firma en que estaba interesado y la compensación extra concedida a su hermano, son todas consideraciones que impedirían o deberían impedir la concesión de una remuneración adicional a Mendía, a sus herederos o fiadores, y el suscribiente no está preparado para disentir de esta conclusión.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.